UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JARVIS SINGLETON** | CIVIL ACTION NO. 6:14-cv-0193 |
|     LA. DOC #436698 | |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| **WARDEN JOHN SMITH** | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jarvis Singleton, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 5, 2014.[1] Petitioner attacks his 2010 conviction for attempted murder and the 20 year sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter was referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On July 20, 2010 petitioner pled guilty to a charge of attempted first degree murder and was sentenced to an agreed upon term of 20 years at hard labor. [Doc. 6, ¶1-6; also Doc. 6-1, p.

---

[1] Petitioner filed his petition using the form supplied for writs of habeas corpus under 28 U.S.C. §2241; however, since petitioner is in custody pursuant to the order of a State court, his claim properly arises under Section 2254. On May 27, 2014 he complied with an order directing him to resubmit his claim on the proper form. [See Doc. 6]

23 (Plea Form)] He did not appeal.[Doc. 6, ¶8][2]

On April 16, 2012 he filed an application for post-conviction relief in the Fifteenth Judicial District Court raising claims of (1) ineffective assistance of counsel, (2) actual innocence, (3) broken plea agreement, and (4) unconstitutional sentence. [Doc. 6, ¶11; Doc. 6-1, pp. 8-18] The application was denied without comment on April 18, 2012. [Doc. 6-1, p. 14] On October 9, 2012 petitioner applied to the Third Circuit Court of Appeal for a writ of mandamus. On October 31, 2012 that court denied writs upon a showing that judgment was rendered on his application on April 18, 2012. *State v. Singleton*, KH 12-01165. [Doc. 6-1, p. 19] On August 30, 2013 he filed another application for writs seeking review of the April 18, 2012 judgment of the district court denying post-conviction relief. On December 20, 2013 writs were denied because petitioner failed to meet the burden of proof and because he raised claims which had not been raised in the District Court. *State v. Singleton*, KH 13-00991. [Doc. 6-1, p. 20] He claims to have presented various claims for relief (Fourth Amendment and due process violations, denial of fair trial, ineffective assistance of counsel and miscarriage of justice) to the Louisiana Supreme Court in February 2014, however he claims that the pleading remains pending as of the date he filed his *habeas* petition. [Doc. 1, ¶ 8]

---

[2] Indeed, under Louisiana law, he could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could he have appealed the sentence since it was apparently imposed in conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's

---

[3] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B) or (C). To the extent that petitioner implies that he should be allowed to rely upon the provisions of subpart (D) because he is "actually innocent" that claim is discussed more fully in Part 2, below.

judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following July 20, 2010 (the date that petitioner was sentenced)[4] or, on or about August 20, 2010.  Petitioner had one year from that date, or until August 20, 2011 to file his federal *habeas* petition.  Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his first and only collateral attack of his conviction in the District Court until April 16, 2012 and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.  *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

*2. Actual Innocence*

Petitioner also argues that he is actually innocent of the crime of conviction. In *McQuiggin v. Perkins*, — U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court held that a prisoner, such as petitioner, filing a first-time federal *habeas* petition could overcome the one-year statute of limitations in §2244(d)(1) upon a showing of "actual innocence" under the standard articulated in *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995), and defined as follows, "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

presented at trial." Further, such a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.*, 513 U.S. at 327. Here, petitioner has provided only his own self-serving and conclusive statements to establish his innocence. Those statements are clearly insufficient to rebut his sworn statement of guilt during the plea colloquy and in the written plea form. [See Doc. 6-1, p. 23, "The only reason I am pleading guilty is that I am, in fact guilty as charged..."]

### 3. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana June 30, 2014.

_____
 **PATRICK J. HANNA**
 **UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: 6/30/2014
BY: EFA
TO: RFD
cg